

Fish & Richardson P.C.
601 Lexington Avenue
52nd Floor
New York, NY 10022

212 765 5070 main
212 258 2291 fax

**Vivian Cheng**
Associate
cheng@fr.com
212 641 2293  direct

VIA ECF

September 19, 2018

Honorable J. Paul Oetken, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *King-Devick Test Inc. v. NYU Langone Hospitals et al.*, Case No. 1:17-cv-09307-JPO

Dear Judge Oetken:

      We represent Defendants NYU Langone Hospitals, New York University, Steven L. Galetta, and Laura J. Balcer (together, "Defendants") in the above-captioned action.  We write, with Plaintiff King-Devick Test Inc.'s ("Plaintiff") consent, to request an extension of the current case schedule and to add two interim deadlines to the schedule.  The current and proposed deadlines are set forth in the table below.  The parties previously requested a sixty (60) day extension of the deadlines in this action, which the Court granted on June 18, 2018 (Dkt. No. 54).  This letter motion is not made for the purposes of delay, but to ensure that the parties have sufficient time to complete discovery.  In addition, the parties have issued subpoenas to third parties who they believe are in sole possession of certain material documents but who have not yet produced documents, and this extension will give the parties the time necessary to collect the documents from those third parties.[1]

      To date, the parties have exchanged initial disclosures, served and responded to document requests and interrogatories, produced documents, and served personal and corporate deposition notices.  Plaintiff has produced over 24,000 documents and Defendants have produced over 112,000 documents.  The parties are working diligently to review and produce their remaining documents and anticipate that they will be substantially complete with document production by September 30, 2018. In addition, Plaintiff has served document and deposition subpoenas on third party University of Pennsylvania, and Defendants have served document and/or deposition subpoenas on third parties Alan King, New York State Association of Optometry, and Illinois College of Optometry.  The parties have discussed the general timing of anticipated third party productions and the need to coordinate the schedules of counsel, the parties, and multiple third parties in different locations for depositions.

---

[1] These third parties include the University of Pennsylvania, for whom the individual defendants worked when their relationship with the plaintiff began; and the Illinois College of Optometry, where the work at issue in this matter was first created.

B4883688.1



The parties believe that an additional sixty-seven (67) days is necessary for them to complete fact discovery. The parties also propose that the Court add a new deadline for the substantial complete of document production by September 30, 2018, so that they may focus on substantive written discovery pursuant to Local Civil Rule 33.3, third party discovery, and depositions during the final two months of fact discovery.

In addition, the parties propose that the Court add a new deadline for Defendant's filing of a Motion for the Issuance of a Request to the Register of Copyrights Pursuant to Section 411(b)(2) of the Copyright Act, 17 U.S.C. § 411(b)(2). Section 411(b)(1) provides that:

> A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless – (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Registrar of Copyrights to refuse registration.

Section 411(b)(2) provides that:

> In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

Here, Defendants have alleged that inaccurate information was knowingly included on a copyright application. Plaintiff disputes this, but does not object to the setting of a deadline by which Defendants may file a motion pursuant to Section 411(b)(2). Defendants request that this new deadline be set as "TBD," to be discussed at the Case Management Conference one week after the close of fact discovery. In light of this new deadline, the parties also request that the expert and summary judgment deadlines be extended as set forth below.

Under the proposed new schedule, discovery would extend beyond the Case Management Conference currently scheduled for October 9, 2018. The parties request that the Case Management Conference be adjourned and propose that the conference be held on or around December 14, 2018, at the Court's convenience.



| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| **Deadline for substantial completion of document production** | N/A | 9/30/2018 |
| **Deadline to serve Interrogatories** | 8/20/2018 | 11/7/2018 |
| **Deadline to serve Requests for Admissions** | 8/20/2018 | 11/7/2018 |
| **Deadline to complete depositions (other than expert depositions)** | 10/1/2018 | 12/7/2018 |
| **Close of fact discovery** | 10/1/2018 | 12/7/2018 |
| **Case Management Conference before Judge Oetken** | 10/9/2018 | 12/14/2018, *or other date at the Court's convenience* |
| **Deadline for counsel for the parties to meet in person to discuss settlement** | 10/15"/2018 | 12/21/2018 |
| **Deadline to file a Motion for Issuance of Request to the Register of Copyrights Pursuant to 17 U.S.C. § 411(b)(2)** | N/A | TBD, to be discussed at 12/14/2018 Case Management Conference |
| **Deadline to serve burden of proof expert disclosures and reports** | 10/9/2018 | 2/15/2019* |
| **Deadline to serve rebuttal expert disclosures and reports** | 11/6/2018 | 3/14/2019* |
| **Close of expert discovery** | 11/19/2018 | 4/19/2019* |
| **Deadline to file summary judgment motions** | 12/03/2018 | 4/26/2019 |

---

\* Defendants do not believe that the expert deadlines should be set at this time since Defendants intend to file a motion for summary judgment at the close of fact discovery. Although expert report deadlines and the close of expert discovery were calendared by the Court initially, Defendants' understanding from the Initial Case Management Conference held on April 2, 2018, is that the Court and the parties plan to discuss the specifics of these deadlines, such as which party will submit expert reports first and whether reply reports will be permitted for the expert phase, at the Case Management Conference to be held right after the close of fact discovery. Therefore, Defendants propose that these deadlines be set as "TBD" until such conference, at which point the summary judgment briefing dates and those dates can be set.



| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| **Deadline to file Joint Pretrial Order (*if no motion for summary judgment is filed*)** | 12/19/2018 | TBD, to be within 30 days of the completion of all expert discovery, if no summary judgment motion is filed |

      For the reasons set forth herein, the parties respectfully request that Your Honor grant this extension of time and adopt the parties' proposed discovery schedule set forth above.

Respectfully submitted,

*/s/ Vivian Cheng*

Vivian Cheng

> Granted. The parties' proposed amended discovery schedule is hereby adopted.
> The pretrial conference previously scheduled for October 9, 2018, is hereby adjourned to December 14, 2018, at 11:30 a.m.
> So ordered.

_____
J. PAUL OETKEN
United States District Judge

Dated: September 19, 2018