

Fish & Richardson P.C.
601 Lexington Avenue
52nd Floor
New York, NY 10022

212 765 5070 main
212 258 2291 fax

<u>VIA ECF AND E-MAIL</u>

January 8, 2019

Honorable J. Paul Oetken, U.S.D.J.
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
OetkenNYSDChambers@nysd.uscourts.gov

**Vivian Cheng**
Associate
cheng@fr.com
212 641 2293  direct

Re: *King-Devick Test Inc. v. NYU Langone Hospitals et al*., Case No. 1:17-cv-09307-JPO

Dear Judge Oetken:

We represent Defendants NYU Langone Hospitals, New York University, Steven L. Galetta, and Laura J. Balcer (together, "Defendants") in the above-captioned action.  We write pursuant to Paragraphs 1(B) and 2(E)(ii) of Your Honor's Individual Practices in Civil Cases.

Defendants wish to file, in redacted form, Defendants' Letter Motion for Leave to Amend Defendants' Answer and Counterclaims, dated January 8, 2019 ("Defendants' Letter"). Defendants' Letter contains quotes from the Transcript of the Deposition of Steven Devick and Plaintiff's Response to Defendants' Second Set of Interrogatories (Nos. 4–23), both of which were designated "CONFIDENTIAL" by Plaintiff pursuant to the parties' Stipulated Confidentiality Agreement and Protective Order (the "Protective Order").[1]  Both an unredacted and highlighted version of Defendants' Letter are being submitted to the Court by e-mail in accordance with Your Honor's Individual Practices.

*Lugosch v. Pyramid Co. of Onondaga* provides that documents "may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand."[2]

Defendants seek to redact portions of Defendants' Letter only because those portions contain information that Plaintiff has designated as Confidential.  While Defendants do not believe there are "countervailing factors" or "higher values" that warrant the sealing of this information under *Lugosch v. Pyramid Co. of Onondaga*, Defendants acknowledge that Plaintiff provided the testimony and interrogatory responses at issue with the expectation that they would be treated as Confidential material under the Protective Order.[3]

---

[1] Dkt. No. 37.
[2] *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir.1987)).
[3] Defendants note that, under the Protective Order, the Court "retains discretion whether to afford confidential treatment to any Discovery Material designated as 'Confidential' or 'Highly Confidential – Attorneys' Eyes Only' and submitted to the Court in connection with any motion . . . that may result in an order and/or decision by the Court."  Dkt. No. 37, ¶ 16.



Honorable J. Paul Oetken, U.S.D.J.
January 8, 2019
Page 2


We thank the Court for its attention to this matter.

Respectfully submitted,

Vivian Cheng
Counsel for Defendants

cc: Counsel for Plaintiff (via ECF and e-mail)