UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING-DEVICK TEST INC., <br><br> Plaintiff, <br><br> v. <br><br> NYU LANGONE HOSPITALS, NEW YORK UNIVERSITY, STEVEN L. GALETTA, and LAURA J. BALCER, <br><br> Defendants. | Case No. 1:17-cv-09307 (JPO) |

## DECLARATION OF LAURA J. BALCER

I, Laura J. Balcer, under penalty of perjury, hereby declare as follows:

1.      I am a medical doctor specializing in neuro-ophthalmology.  I am a Professor and the Vice Chair of the Department of Neurology at New York University School of Medicine.  I have personal knowledge of the facts and statements contained in this declaration and declare that the following is true and correct.

2.      From March 2013 to September 2018, I served as one of three co-directors of the NYU Concussion Center, a research and patient care clinic run by experts in neurology, sports medicine, and physical medicine and rehabilitation.  During this time, until around the filing of this lawsuit, Dr. Steven Galetta and I worked with Plaintiff King-Devick Test Inc. ("Plaintiff") on research on the King-Devick Test, including research involving the clinical use of the test with patients of the Center.

3.      Steve Devick, Plaintiff's CEO, has known about the use of the King-Devick Test ("KD Test") with patients in the Center and the Center's collaboration with third party medical practitioners.  Devick and Danielle Leong, Plaintiff's Chief Scientific Officer, had frequent contact

with me and other NYU employees at the Center, including through in-person site visits. During these site visits, Devick encouraged doctors in the Center to use the KD Test in the clinical setting.

4. Some of our research findings and clinical data on the KD Test collected from patients of the Center have been published in academic journals. Other findings and data from the Center may be published in the future, through a retrospective chart review that may further our understanding of the time course of concussion recovery.

5. The diagnosis of a concussion is a clinical one made by a trained professional. It is not necessary to use the KD Test to diagnose a concussion. In order to use the KD Test for diagnostic purposes, the examiner would need to compare the patient's current KD Test score to the patient's "baseline score" for the KD Test, which the examiner would not have for new patients of the Center and/or those never tested without a concussion. Thus, the notion that the Center was using the KD Test for non-research related treatment or diagnostic purposes is simply inaccurate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2019, in New York, NY.

_____
Laura J. Balcer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 13, 2019, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

## Statement Pursuant to Rule 23.5 of the SDNY ECF Rules & Instructions

The foregoing document is in opposition to Plaintiff's Letter Motion for Leave to File Amended Complaint (Dkt. No. 77), and in support of the Letter addressed to Judge J. Paul Oetken from Kristen McCallion dated February 12, 2019 re: Opposition to Plaintiff's Letter Motion to Amend (Dkt. No. 77), filed as Dkt. No. 85 on February 12, 2019. A technical failure in the ECF system prevented Defendants from filing the foregoing document on February 12, 2019. After the filing of Dkt. No. 85, the ECF website became very slow and timed out either during the uploading a document or in the last step after hitting "Next" to commit the transaction and submit the filing. Because of this technical failure, Defendants served a true and correct copy of the foregoing document on counsel of record via e-mail on February 12, 2019, as follows:

FOLEY HOAG LLP

Peter Sullivan
psullivan@foleyhoag.com
David Kluft
DKluft@foleyhoag.com
Natasha Reed
nreed@foleyhoag.com
Nicole Kinsley
nkinsley@foleyhoag.com

/s/ Vivian Cheng